THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PATRICK TODD SMITH<br><br>Plaintiff,<br><br>v.<br><br>KRISTEN KEISEL et al.,<br><br>Defendants. | **MEMORANDUM DECISION &<br>ORDER DENYING MOTION**<br><br>Case No. 4:25-CV-15-AMA<br><br>District Judge Ann Marie McIff Allen |

Regarding this *pro se* prisoner civil-rights action, the Court rules on Plaintiff's "Motion for Appointment of Counsel." (ECF No. 3.)

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge.[1] *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an

---

[1]The Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing

attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Plaintiff has the burden of convincing the Court that Plaintiff's claims have enough merit to warrant such a request of counsel, though he has not addressed his burden. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Further, "[i]t is not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39. While Plaintiff has not argued the applicability of these factors, the Court considers them in concluding at this time that Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel. (ECF No. 3.)

**IT IS ORDERED** that Plaintiff's motion for appointed counsel is **DENIED**. (ECF No. 3.)  However, if--after the case develops further--it appears that counsel may be needed or of

---

"volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. Going forward, the Court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

DATED this 5th day of August, 2025.

BY THE COURT:


JUDGE ANN MARIE MCIFF ALLEN
United States District Court